IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **BENJAMIN VERSELL, #51464** | § | **PETITIONER** |
| | § | |
| v. | § | Civil Action No. 3:14CV300 TSL-JCG |
| | § | |
| **WARDEN TIMOTHY OUTLAW** | § | **RESPONDENT** |

## REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the Application of Benjamin Versell ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254 filed April 10, 2014. On December 12, 2014, Warden Timothy Outlaw ["Respondent"] filed a Motion to Dismiss [19] pursuant to 28 U.S.C. § 2244(d). Petitioner filed a timely Response [20]. Having considered the Motion, Response, pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that the Motion of the Respondent be granted.

### I. FACTS AND PROCEDURAL HISTORY

On July 11, 2003, Petitioner entered pleas of guilty to the crimes of possession of marijuana and possession of cocaine with intent to sell, in the First Judicial District of the Circuit Court of Hinds County, Mississippi. Petitioner was sentenced to a term of three [3] years on the marijuana possession charges and to a term of twenty [20] years, as a second and subsequent offender, on the cocaine possession with intent to sell charge. Petitioner's sentences were ordered to run

consecutively in the custody of the Mississippi Department of Corrections.

On April 10, 2014, Petitioner filed the instant § 2254 Application asserting violations of his Constitutional Rights, including double jeopardy, ineffective assistance of counsel, entry of an involuntary guilty plea, and violation of his right to Due Process.  § 2254 Petition [1], ¶ 12., at pp. 5-6, 8-9.   Petitioner seeks the following relief: "immediate expulsion of expired sentence; reimbursement of non-violent offender status; and release for time served." *Id*. at p. 14.   Respondent filed a Motion to Dismiss [19] pursuant to 28 U.S.C. § 2244(d). Petitioner filed a Response [20] in opposition to the Motion.

## II. DISCUSSION

At the outset the Respondent notes that due to an administrative error, Petitioner was released and then re-arrested on a State Warrant to complete serving his sentences pursuant to the sentencing order. *See* State Warrant att. as Ex. "C" to Resp. Mot. to Dismiss [19-3].  In addition, with regard to Petitioner's parole eligibility, the Respondent has informed the Court that the Mississippi Department of Corrections ["MDOC"] performed an audit of Petitioner's earned time, and that "Versell's enhanced sentence has indeed expired and, therefore, he is now eligible for parole." Mot. to Dismiss [19] at p. 2.  Respondent attached a copy of Petitioner's time sheet which reflects the correction and shows Petitioner became parole eligible as of July 13, 2009.  *See* MDOC Timesheet att. as Ex. "B" to Mot. to Dismiss [19-2].   Based upon the record before the Court,  Petitioner's claims regarding his parole eligibility are now moot.   Respondent contends that the

remainder of Petitioner's claims are barred by the applicable statute of limitations.

A. APPLICATION OF THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

The Antiterrorism and Effective Death Penalty Act ["AEDPA"] provides in part as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under subsection (d)(1)(A), the "one-year period begins to run from the date on which the state court judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review." *Mark v. Thaler*, 646 F.3d 191 (5th Cir. 2011)(internal citations and quotations omitted). A state court conviction is "final" when there is no further "availability of direct appeal to the state courts." *Id.*

In the present case, Respondent notes the statutory provision in place regarding the availability of a direct appeal following the entry of Petitioner's guilty plea:

> However, at the time of Versell's plea, the Mississippi Supreme Court had carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue concerns an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001). The Mississippi Court of Appeals has since recognized that this exception no longer applies to guilty pleas taken after the July 1, 2008, effective date of the new amendment to Mississippi Code Annotated §99-35-101 (Supp.2009). *Seal v. State*, 38 So.3d 635 (Miss. App. 2010).

Resp. Mot. to Dismiss [19], n. 4 at p. 4.

Respondent further concedes that because Versell's guilty plea was taken before the effective date of this amendment, he is entitled to the benefit of the earlier exception. *Id.*

The Fifth Circuit has explicitly held that the one year statute of limitations period begins to run from the date of the judgment of conviction. "The mere existence of an application for state habeas relief does not . . . prevent the one year period of limitation from beginning until the state habeas application is finally decided. Rather, § 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one year period." *Flanagan v. Johnson*, 154 F.3d 196, 199, n. 1 (5th Cir. 1998).

In the present case, the record clearly indicates that the §2244(d) tolling provision was not implicated. Petitioner unequivocally states that he has "not filed for post-conviction relief in this case. . . . [i]t was after the filing when I became aware of the importance of filing for post-conviction relief first." Petitioner's Resp. to Court's Order [13], at pp.1-2.

Inasmuch as Petitioner entered guilty pleas, he had no right to a direct appeal of his judgment of conviction after the statutory 30 day period. As such, his judgment of conviction became final on August 10, 2003, which is his sentencing date of July 11, 2003, plus the then existent statutory thirty day period. *See* MISS. CODE ANN. § 99-35-101 (1972).[1] Pursuant to §2244, Petitioner had up and until August 10, 2004, within which to file a Petition for Habeas relief in this Court. The instant Petition was filed on April 10, 2014, some 3560 days after that date. Moreover, because Petitioner admittedly did not have a "properly filed" state post conviction motion/application as contemplated by 28 U.S.C. § 2244(d)(2) on or before August 10, 2004, the statute of limitations period was not tolled in this case. *See* 28 U.S.C. § 2244(d)(2). For these reasons, the undersigned is of the opinion that Versell's Petition is barred by the statute of limitations, and should be dismissed.

B.   WHETHER OR NOT EQUITABLE TOLLING APPLIES IN THIS CASE

"The doctrine of equitable tolling preserves a plaintiff's claims when strict

---

[1]"Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed." MISS. CODE ANN. § 99-35-101.

application of the statute of limitations would be inequitable." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). "To be entitled to equitable tolling, a petitioner has the burden of showing (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (internal citations and quotations omitted).

This Court has discretion as to whether to equitably toll the instant petition. "The court's judicious discretion equitably to toll helps safeguard habeas while still fulfilling Congress's express desire to accelerate the process. A court can allow an untimely petition to proceed under the doctrine of equitable tolling in 'extraordinary circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Cockrell*, 294 F.3d at 629.

The instant petition was filed over (9) years *after* the limitations deadline lapsed on August 10, 2004. Petitioner states that "none of these grounds have been presented [to the state's highest court] for lack of due diligence and indigence." Pet. [1] at p. 11. He further states that he:

> did not file for judicial review in this matter because I was under the impression that it was not necessary due to the fact that I have a petition filed in this Court already.
> . . . I have not filed for post-conviction relief in this case because certain legal research documents led to me conclude that Double Jeopardy claim alone is sufficient to allow intervention by this Court into my state court proceedings.

Pet. Resp. to Order [13] at p. 1.

The Fifth Circuit has consistently held that:

> [t]he doctrine of equitable tolling is applied restrictively and, as we have held repeatedly, is entertained only in cases presenting rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable. Here, Johnson has provided no reason for missing the deadline by years, much less a rare and exceptional one. As this Court has long stated, equity is not intended for those who sleep on their rights.

*In re Johnson*, 325 Fed.Appx. 337, 341 (5th Cir. 2009) (internal citations omitted). In the present case, the record reflects that Petitioner has not "diligently" pursued habeas relief in accordance with controlling Fifth Circuit law.

Petitioner further claims that his double jeopardy and expired sentence claims present "rare and exceptional" circumstances that warrant consideration outside the confines of the AEDPA limitations period. Specifically Petitioner submits that these claims arose "after the date within which I could timely challenge them under the (1) year AEDPA rule (8/10/2004) . . . then clearly I was time-barred even before these issues emerged." Pet.'s Resp. to Mot. to Dismiss [20] at pp. 5-6.

> That ignorance of the law is insufficient is, in fact, supported by the language of § 2244(d)(2). In that tolling provision, Congress provided that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). The "properly filed" limitation indicates that Congress does not view ignorance of the law as a sufficient reason for tolling, for a "properly filed" petition would be one that was filed within any statute of limitations the state imposes. *See Villegas v. Johnson,* 184 F.3d 467, 469 (5th Cir.1999).

*Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).

Petitioner states that he did not present these issues to the state court "for lack

of due diligence and indigence." Pet. [1] at p. 11.  While Petitioner's allegations are not completely transparent, the law is clear that Petitioner has an extraordinary stringent burden to present circumstances that are indeed "rare and exceptional."

> [P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir.1993) (holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).

*Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Proceeding *pro se* is, alone, insufficient to equitably toll the AEDPA statute of limitations. Petitioners are required to follow and comply with the applicable procedural rules.  Further, the  lack of legal training, ignorance of the law, and unfamiliarity with the legal process are  insufficient reasons to equitably toll the AEDPA statute of limitations. *See United States v. Petty*, 530  F.3d 361, 365-66 (5th Cir. 2008).

Having considered the record, the briefs and pleadings before the Court, and the relevant law, it is the opinion of the undersigned that Petitioner has not presented "rare and exceptional" circumstances, and as such, equitable tolling appears inapplicable under the given circumstances.

C.   FAILURE TO EXHAUST

Absent a finding of the instant Petition being untimely filed, alternatively the record demonstrates that Petitioner's claims are procedurally barred for failure to exhaust.  Pursuant to MISS. CODE ANN. § 99-39-21(1) the:

> [f]ailure by a prisoner to raise objections, defenses, claims, questions,

> issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws of the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred.

MISS. CODE ANN. § 99-39-21(1).

Federal judicial authority to grant habeas relief is restrained by an over-arching commitment to state courts as the "principle forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The procedural bar doctrine prohibits review of federal habeas claims not properly presented to the state courts. *Cone v. Bell*, 556 U.S. 449, 465 (2009).

In his Response to the Motion to Dismiss, Petitioner submits that "I never argued that I should not be required to exhaust my state court remedies. Rather, as made known earlier in this action, I was unaware of the process prior to filing my petition." Pet.'s Resp. to Mot. to Dismiss [20], at p. 4. Respondent submits that Petitioner's claims are procedurally barred from federal review under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and should be dismissed with prejudice. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991)).

A state prisoner must normally exhaust all available state court remedies before he can obtain federal habeas corpus relief unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971); *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989); *Richardson v. Procunier*, 762

F.2d 429, 430 (5th Cir. 1985). An exception to the exhaustion requirement is made only if there is no opportunity to obtain redress in the state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief. *Duckworth v. Serrano,* 454 U.S. 1, 3 (1981).

Since Petitioner's right to raise issues, specifically the voluntariness of his guilty plea, double jeopardy, Due Process, and his right to effective assistance of counsel, in the state court expired on August 10, 2004, it is apparent that resorting to state court would be futile, since the three year statute of limitations has long since expired. A review of the record demonstrates that the claims raised by the Petitioner in the instant habeas corpus application were not presented to the state's highest court. In accord with MISS. CODE ANN. § 99-39-5(2) (Rev. 1994), Petitioner is now procedurally barred from returning to state court to pursue these claims.

Section 99-39-5 of the Mississippi Code provides the following narrow exception to the bar: "[l]ikewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked." MISS. CODE ANN. § 99-35-5(2)(b). As noted at the outset, Petitioner's time sheet has been corrected to reflect the enhanced sentence has expired. Respondent submits that to the extent Petitioner argues that his enhanced sentence has expired "he is correct and MDOC records reflect that he is parole eligible. [E]ven assuming arguendo that Versell could possibly file an out-of-time post conviction motion with regard to this claim, it would remain unexhausted for purposes of AEDPA." Mot. to Dismiss [19] n. 5 at p. 6.

Habeas corpus review under 28 U.S.C. § 2254 is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 749-50 (1991)(citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *see also Lott v. Hargett,* 80 F.3d 161, 164 (5th Cir. 1996).

Petitioner entered guilty pleas and his convictions were entered in the Hinds County Circuit Court as a final judgment on July 11, 2003. Petitioner failed to raise his claims of involuntary guilty plea, due process, double jeopardy, and ineffective assistance of counsel to the state's highest court via a motion for post-conviction relief filed pursuant to § 99-39-5[2] of the Mississippi Code. Petitioner's failure to present these issues to the Mississippi state court can be excused by this Court only if he can show: (1) cause for his failure to raise the claim, as well as prejudice from the errors forming the basis of his complaint; or (2) that this Court's refusal to hear the claims

---

[2] § 99-39-5. Motion for relief; grounds; limitations; definitions.
(1) Any person sentenced by a court of record of the State of Mississippi . . . may file a motion to vacate, set aside, or correct the judgment or sentence, . . . or a motion for an out-of-time appeal if the person claims:
    (a) That the conviction or the sentence was imposed in violation of the
    Constitution of the United States or the Constitution or laws of Mississippi;
(2) A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

would result in a fundamental miscarriage of justice. *United States v. Flores*, 981 F.2d 231, 234 (5th Cir. 1993).

    1.    <u>Cause and Prejudice Exception</u>

In his Response to the Motion to Dismiss, Petitioner claims the following as an "external impediment" to properly filing a motion for post-conviction relief in the state court:

> MDOC practically created a situation where I was prevented from properly presenting my claims to the state courts. Namely its facilities fail to provide walk-in law libraries, . . . and material . . . that are needed for an offender who lacks the knowledge and diligence to perform these tasks on this own. The only means it provides is the law library request form and this form does not contain any meaningful selection in . . . gaining knowledge and insight into legal practices and processes. . . . these are useless to an offender with little or no prior knowledge of the law. . . .. So, in reality there did exist an external impediment that prevented me from asserting my rights.

Pet.'s Resp. to Mot. to Dismiss [20], at p. 5.

Unless a habeas petitioner shows cause and prejudice, a court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *United States v. Petrus*, 44 F.3d 1004 (5th Cir. 1994). In order to prove the "cause" prong of the test, Petitioner must show some external impediment which prevented him from raising the claim. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993).

Petitioner's assertions regarding his lack of knowledge and insight into legal practices and processes are insufficient to construe as an external impediment which

prevented him from filing a proper motion pursuant to § 99-39-5 and raising his claims before the Mississippi state court.

### 2. Fundamental Miscarriage of Justice Exception

If Petitioner is unable to show cause, "the failure to raise the claim in an earlier proceeding may nonetheless be excused if he can show that a fundamental miscarriage of justice would result from this Court's failure to entertain the claim." *McCleskey v. Zant*, 499 U.S. 467, 502 (1991); *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992). Such a miscarriage of justice would be indicated if a constitutional violation likely caused Petitioner to be convicted of a crime of which he is innocent.  In the present case, Petitioner entered multiple pleas of guilty, and as such, the record is not indicative of a miscarriage of justice.  The Supreme Court has taken great pains to emphasize the extremely narrow scope of this exception to the cause and prejudice requirement. *Sawyer v. Whitley*, 505 U.S. at 340.  Based upon the record before the Court, Petitioner's procedural default should not be excused under the "fundamental miscarriage of justice" exception.

### III. RECOMMENDATION

Having considered the Motion, Petitioner's Response, the record, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that the Respondent's Motion [19] be granted and the Application for Writ of Habeas Corpus [1] filed by Petitioner Benjamin Versell pursuant to 28 U.S.C. § 2254 be dismissed as barred by the statute of limitations.

IV. <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 17th day of June, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE